IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JEFF GORDON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:11-CV-337 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeff Gordon is a former state inmate. While he was incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), he sued three administrators, two from TDCJ and one from the University of Texas Medical Branch ("UTMB"), for allegedly implementing unconstitutional policies that delayed his receipt of necessary medical care and caused him to suffer multiple preventable heart attacks (Dkt. 2 at pp. 6–7, 15; Dkt. 14 at p. 5).[1] Gordon claims to have suffered four heart attacks at UTMB because of a policy requiring inmates "to exhaust their administrative remedies before they can receive treatment for serious medical needs" (Dkt. 14 at p. 10). The claims against the three administrators were transferred to this Court by the Dallas Division of the Northern District of Texas (Dkt. 4), as were claims against two other

---

[1] Gordon, whose pleadings are voluminous and extremely difficult to follow, apparently tried to add defendants and claims stemming from unrelated incidents when he amended his complaint. Judge Costa, to whom this case was assigned at the time, only granted Gordon permission to proceed against the three administrators: Brad Livingston; Dr. Lanette Linthicum; and Dr. Owen Murray (Dkt. 36). Livingston, Dr. Linthicum, and Dr. Murray are therefore the only live defendants.

defendants that this Court then transferred to the Lubbock and Abilene Divisions of the Northern District (Dkt. 9). Judge Cummings dismissed the Lubbock and Abilene claims as frivolous. *See* Northern District of Texas Case Number 1:11-cv-00164 at Dkt. 30 and Dkt. 39 and Northern District of Texas Case Number 5:11-cv-00163 at Dkt. 41 and Dkt. 53.

The Court requested a *Martinez* report[2] from the Texas Attorney General's office, which the Attorney General's office provided (Dkt. 45 and Dkt. 46). The Court construed the *Martinez* report as a motion for summary judgment and notified Gordon of that construction (Dkt. 47). Gordon responded (Dkt. 48, Dkt. 49, and Dkt. 50). The Attorney General's office replied (Dkt. 53). The Court will also consider Gordon's live complaint to be part of the summary judgment record because Gordon declared under penalty of perjury that the facts set forth in the complaint are true and correct (Dkt. 14 at p. 16). *See Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit."); *see also Davis v. Hernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[F]ederal courts, this one included, have a traditional disposition of leniency toward *pro se* litigants.") (quotation marks omitted).

After reviewing all of the evidence submitted, the parties' briefing, and the applicable law, the Court concludes that the defendants' motion for summary judgment must be **GRANTED** for the reasons that follow.

---

[2] *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987); *see also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

I.   **BACKGROUND**

In his live complaint, Gordon claims to have suffered four heart attacks at UTMB because of a delay in treatment (Dkt. 14 at p. 10). Gordon further claims that the delay in treatment was a direct result of a "newly instituted policy that requires all inmates in the [TDCJ] system to exhaust the Step I and II grievance process to receive medical treatment" (Dkt. 14 at p. 5). According to Gordon, the defendants promulgated that policy (Dkt. 14 at p. 5). The defendants claim that no such policy exists (Dkt. 46 at p. 4).

II.   **THE PLRA AND SUMMARY JUDGMENTS**

A.   **The PLRA**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

Gordon proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally

construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Rule 56

The defendants have filed a *Martinez* report, which the Court has construed as a motion for summary judgment. Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding a motion for summary judgment, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Id.* at 322–23.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an absence of a genuine issue of material fact. *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The movant, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The movant may meet its burden by pointing out the absence of evidence supporting the non-movant's case. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts." *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and quotation marks omitted). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See Diamond Offshore Co. v. A & B Builders,*

*Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the non-movant must present specific facts which show the existence of a genuine issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003). In the absence of any proof, the Court will not assume that the non-movant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F.Supp.2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *Smith v. Southwestern Bell Tel. Co.*, 456 Fed. App'x 489, 492 (5th Cir. 2012) ("[W]e have repeatedly held that self-serving statements, without more, will not defeat a motion for summary judgment, particularly one supported by plentiful contrary evidence."); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

Lastly, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Although Gordon is proceeding pro se, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a pro se party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III. SUPERVISORY LIABILITY UNDER SECTION 1983

Gordon relies entirely on a theory of supervisory liability against the defendants. There is no vicarious or *respondeat superior* liability for supervisors under Section 1983. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 (5th Cir. 2006). A supervisory official may generally be held liable under Section 1983 only if he either: (1) affirmatively participated in the acts that caused the Constitutional deprivation; or (2) implemented unconstitutional policies that causally resulted in the Constitutional deprivation. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Even assuming that there was a Constitutional deprivation, Gordon has not presented any evidence showing that the defendants could be held liable.

In his response to the defendants' motion for summary judgment, Gordon concedes that none of the defendants was directly involved in his medical treatment; and he goes so far as to admit that he is "not privilege [sic] to whom [sic] is personally responsible for the intentional delay" (Dkt. 49 at p. 4). The only action he attributes to the

defendants is the alleged promulgation of the above-mentioned policy conditioning the receipt of medical care on the exhaustion of administrative remedies. However, Gordon does not point to any official document memorializing, or any official statement confirming, such a policy; his only evidence that the policy existed is his own claim "that [he] had to use the Grievance Procedure to receive Doctor and Specialist treatment" (Dkt. 49 at p. 4). He argues that his experience "substantiates a policy, practice, custom or procedure" (Dkt. 49 at p. 4).

Gordon's statements alone, unsupported by official pronouncements, will not suffice to establish the existence of an official policy. In the absence of proof of official enactment, Gordon needs to show the existence of a "persistent, widespread practice" of conditioning the receipt of medical care on the exhaustion of administrative remedies that, "although not *authorized* by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly *represents* [TDCJ and UTMB] policy." *See Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (emphasis added); *see also, e.g., E.A.F.F. v. U.S.*, 955 F. Supp. 2d 707, 738–39 (W.D. Tex. 2013) ("[A]buse was not so widespread and open that it had become the traditional or customary way of doing business at [the facility]. Thus, Plaintiffs' claim that Defendants promulgated an unconstitutional policy or custom fails.") (footnote omitted). There is simply no such proof in this record, and "[a]llegations of an isolated incident are not sufficient to show the existence of a custom or policy." *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

The defendants are entitled to summary judgment, and their motion is granted.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion for summary judgment (Dkt. 46) is **GRANTED**, and all claims against them are dismissed with prejudice.

2. Any other pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties and to *amicus* counsel.

SIGNED at Galveston, Texas, on August 21, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE